REDMANN, Judge.
From the factual finding by the trial judge that the goods were damaged when delivered, his legal conclusion that the consignee is not obliged to pay for them is correct.
Plaintiff carrier, because of its breach of its contract to collect by cashier’s or certified check, itself owed and paid the price of the goods to the consignor. But that payment did not relieve the consignor of its obligation arising from shipping damaged goods (if that is what happened). If the consignee had paid for the goods but could demand return of their price from the consignor because the consignor shipped damaged goods, then the carrier who paid the price of the damaged goods should also be allowed to recover it upon proving that the goods were damaged when shipped. But the problem is that the carrier did not prove that. For all the evidence shows, the consignor may have shipped undamaged goods and the carrier itself may have caused the damage. Thus the carrier has not proven any entitlement to recovery on this theory.
The carrier sought to prove pre-existing ill will between consignee and consignor, and argued that the consignor should have warned the carrier of the circumstances and the necessity of obtaining payment by certified check. Whatever merit this argument might have otherwise, it has no merit against the C.O.D. Shipment contract (under I.C.C. Reg. 430-C) which obliged the carrier to deliver only for cashier’s or certified check or money order. Whether merely desirable as a convenience to the consign- *655 or, or indispensable because of ill will of the consignee, a cash-equivalent-only contract was exacted from the carrier and the carrier cannot be heard to complain that it was damaged by its own breach of that contract.
Affirmed.